UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-81213-AHS

LORI ROBINS,

       Plaintiff,

vs.

ABERDEEN GOLF & COUNTRY
CLUB, INC, a Florida Not-For-Profit
Corporation; WATERFORD AT
ABERDEEN ASSOCIATION, INC.,
a Florida Not-For-Profit Corporation,

       Defendants.

_____/

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT WATERFORD AT ABERDEEN ASSOCIATION, INC., AND COUNTS III, V, VII, AND IX AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, LORI ROBINS (hereinafter "Plaintiff"), by and through the undersigned Counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 hereby moves this Honorable Court for summary judgment against Defendant, WATERFORD AT ABERDEEN ASSOCIATION, INC., a Florida Not-For-Profit Corporation (hereinafter "Defendant")[1], and in support thereof states the following:

### INTRODUCTION

On December 2, 2024, Plaintiff filed a nine-count Amended Complaint [D.E. 29] alleging that Defendant violated the Fair Housing Act ("FHA") and the Florida Fair Housing Act

---

[1] Plaintiff separately moves for Partial Summary Judgment as to Defendant, ABERDEEN GOLF & COUNTRY CLUB, INC.

("FLFHA") when it discriminated and retaliated against Plaintiff due to her qualified disability. In its Amended Answer and Affirmative Defenses to the Amended Complaint [D.E. 36], Defendant asserted that Plaintiff does not suffer from a "qualified disability" and denied that it failed to respond to Plaintiff's requests for reasonable accommodation and modification. This motion seeks summary judgment against Defendant as to Plaintiff's claims for FHA and FLFHA discrimination and retaliation because, upon the completion of discovery, the evidence has revealed that Defendant discriminated and retaliated against Plaintiff because of her requests for reasonable accommodation and modification.

## FACTUAL BACKGROUND

Plaintiff, LORI ROBINS, is a current resident of ABERDEEN GOLF & COUNTRY CLUB. Defendant, WATERFORD AT ABERDEEN ASSOCIATION, INC., is a subdivision of ABERDEEN, where the residential property giving rise to this dispute is located, at 8492 Heather Place, Boynton Beach, Florida 33472 ("Residence"). *See* Pl.'s Statement of Undisputed Material Facts ("SUMF") ¶ 1.

Plaintiff suffers from a severe visual impairment that constitutes a visual disability under the Americans with Disabilities Act. *Id.* ¶ 2 She is virtually blind and often requires the use of a wheelchair to travel. *Id.* ¶ 3. Due to the nature of her visual disability and use of a wheelchair, Plaintiff requires certain reasonable accommodations and modifications including, but not limited to, clear pathways on neighborhood sidewalks and around the swimming pool, accessible gate hardware to access the pool, and wheelchair-accessible bathrooms, and the use of accessibly-sized font (22-point Arial) on physical mailers and communications. *Id.* ¶ 4. Defendant has at all times been aware of Plaintiff's disability and Plaintiff's need for reasonable accommodations and modifications. *Id.* ¶ 6.

Barriers to access existed at Defendant's Premises, in Defendant's communications, and on Defendant's website, and these barriers deprived Plaintiff of full and equal enjoyment of her dwelling. *Id.* ¶¶ 7-9, 12. Plaintiff attempted to notify Defendant of these barriers and request reasonable accommodations and modifications for her disability. These requests for accommodation fell into roughly five categories: (1) legible communications, (2) retention of her backyard fence for her service dogs, (3) access to the pool and an accessible pool gate lock, (4) an alternative method to pay HOA dues, and (5) recordings of Waterford Board of Directors meetings. Each was necessary to afford her equal use and enjoyment of her dwelling. *Id.* ¶¶ 14-15.

Defendant chose to completely ignore the vast majority of Plaintiff's requests, and Defendant's barriers to access were never corrected. *Id.* ¶ 16. More than a year after Plaintiff had sent her first request, which was never answered, Plaintiff filed a complaint with the Equal Employment Opportunity Commission referencing the barriers to access she encountered at Defendant's Premises and her multiple requests for accommodation. *Id.* ¶ 17. Defendant and/or its agents were aware of Plaintiff's requests for accommodation, and were aware of the complaint that Plaintiff filed with the EEOC. *Id.* ¶ 18.

**STANDARD FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56, a party may move for summary judgment, identifying each claim or defense on which summary judgment is sought.  Summary judgment is appropriate if the pleadings, depositions, and affidavits, viewed in the light most favorable to the non-moving party, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Swain v. Hillsborough County School Board*, 146 F.3d 855 (11th Cir. 1998).  The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Mullins v. Cromwell*, 288

F.3d 1305, 1313 (11th Cir. 2000). Once that burden has been met, the non-moving party must provide "*specific facts* showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (emphasis added). Summary judgment must be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Shiver v. Chertoff*, 549 F.3d 1342, 1343-44 (11th Cir. 2008).

## MEMORANDUM OF LAW

I.      **AS A MATTER OF LAW AND UNDISPUTED FACT, PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT IN DETERMINING THAT DEFENDANT ENGAGED IN DISABILITY DISCRIMINATION AGAINST PLAINTIFF IN VIOLATION OF THE FHA AND FLFHA.**

The FHA prohibits discrimination against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability. 42 U.S.C. § 3604(f)(2)(a). The FHA defines discrimination to include a refusal to make reasonable modifications of existing premises if such modifications may be necessary to afford a disabled person full enjoyment of the premises. 42 U.S.C. § 3604(f)(3)(A). Discrimination under the FHA also includes the refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford disabled persons equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

The FLFHA prohibits discrimination against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability. Fla. Stat. § 760.23(2). The FLFHA defines discrimination to include a refusal to permit reasonable modifications of existing premises occupied or to be occupied by a disabled person if such modifications may be necessary to afford

4

such person full enjoyment of the premises. Fla. Stat. § 760.23(9)(a). Discrimination under the FLFHA also includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford disabled persons equal opportunity to use and enjoy a dwelling. §760.23(9)(b).

In order to succeed on a claim of disability discrimination under the FHA, a plaintiff must establish that (1) she is disabled or handicapped within the meaning of the FHA, (2) she requested a reasonable accommodation or modification, (3) such accommodation was necessary to afford her an opportunity to use and enjoy her dwelling, and (4) the defendant refused to make the requested accommodation. *See Schwarz v. City of Treasure Island,* 544 F.3d 1201, 1218-19 (11th Cir. 2008).

The FLFHA contains provisions that are substantively identical to the federal FHA. As such, the framework for claims under the FLFHA is much the same. *See Loren v. Sasser,* 309 F.3d 1296, 1299 n.9 (11th Cir. 2002). A plaintiff must show the same 4 elements as under the FHA in order to succeed on a claim of disability discrimination.

### A.  Plaintiff is "Disabled" as Defined by the FHA and the FLFHA.

For the purposes of the Fair Housing Act, an individual is disabled if she has (1) "a physical or mental impairment which substantially limits one or more of such person's major life activities," (b) "a record of such impairment," or (c) is "regarded as having such an impairment." 42 U.S.C. § 3602(h). The FLFHA similarly defines a person with a disability as someone who has: (1) a physical or mental impairment substantially limiting one or more major life activities, (2) a record of such an impairment, or (3) being regarded as having such an impairment. Fla. Sat. § 760.22(7).

As detailed in in the factual background above, Plaintiff is legally blind and suffers from a visual disability. *See* SUMF ¶¶ 2-3. This visual disability substantially limits her ability to read,

write, leave the house, and even communicate with others. *Id.* at ¶¶ 2-5. While Defendant initially denied that this acts as a "qualified disability" under the FHA and FLFHA, that denial has been rendered hollow by the silence of their witnesses and the admissions of their own expert. *Id.* at ¶ 6. All witnesses of Defendant openly admit that they were aware of Plaintiff's disability.

Based on the plain text of the law and undisputed facts, Plaintiff is "disabled" as defined by the FHA and the FLFHA. Plaintiff is legally blind, a multiple organ transplant recipient, and a survivor of uterine cancer. The nature of Plaintiff's vision impairment is as follows: **Left Eye**: total retinal detachment, *zero vision*; **Right Eye**: excessive retinal tissue scarring from eight (8) retinal vitrectomies (reattachment surgeries) with a central tunnel of vision measuring 3-6 degrees, out of the 270 degrees of visual range enjoyed by sighted people *Id.* at ¶ 2.

In their Answer and Affirmative Defenses to the Amended Complaint [D.E. 36], Defendant initially denied that Plaintiff had a qualifying disability under the FHA and FLFHA. However, as the record developed, Defendant's filings and witness testimony became conspicuously silent on this matter. Nowhere in their motion or evidentiary submissions has Defendant meaningfully contested Plaintiff's disability status.

This silence extended to Defendant's deposition of Plaintiff herself. Despite ample opportunity to do so, Defendant's Counsel did not dispute or meaningfully challenge Plaintiff's testimony regarding her visual impairment. *Id.* ¶¶ 2-4. During this time, Plaintiff was able to testify as to the nature of her disability, as described above, without any dispute or challenge from Opposing Counsel whatsoever. *Id.*

Equally significant, no witness called by Defendant attempted to undermine or dispute the fact that Plaintiff suffered from a visual impairment that substantially limited one or more

major life activities. Defendant's agents all admitted to knowledge of Plaintiff's disability, and none of them attempted to dispute its existence. *Id.* at ¶ 6.

Defendant's expert, as well, did not dispute the nature or extent of Plaintiff's disability. Thus, even Defendant's own retained professional does not dispute that Plaintiff's impairment satisfies the statutory standard. *Id*.

Accordingly, it is undisputed that Plaintiff had a visual impairment that constitutes a disability under the FHA and the FLFHA. Defendant's initial blanket denial in their pleadings has been rendered hollow by the silence of their witnesses and the admissions of their own expert. The uniformity across the evidentiary record eliminates any genuine dispute as to this issue.

In this case, therefore, it a matter of undisputed fact and law that the Plaintiff, LORI ROBINS, is disabled as defined by the FHA and the FLFHA.

### B.  *Plaintiff Requested Reasonable Accommodations and Modifications*

While requests for reasonable accommodation and modification are similar, the FHA defines them slightly differently. The FHA's implementing regulations define modifications as any changes to *the public or common use areas of a building or any change to a dwelling unit*. 24 C.F.R. § 100.201 (emphasis added). Plaintiff's requests for a modification to the pool gate lock would fall under this category. Accommodations, meanwhile, apply to *rules, policies, practices, or services*. 42 U.S.C.S. § 3604(f)(3)(B) (emphasis added). Plaintiff's requests for legible font in communications, the ability to keep her backyard fence, the ability to pay her dues via mail, and Board meetings to be recorded all fall under this category.

In assessing discrimination claims under the FHA and FLFHA, the 11th Circuit has held that "so long as the plaintiff's request [for accommodation] is facially reasonable, the burden shifts

to the defendant, who must prove that the accommodation would nonetheless impose an 'undue burden' or result in a 'fundamental alteration' of its program." *Unger v. Majorca at Via Verde Homeowners Ass'n*, No. 21-13134, (11th Cir. 2022) (quoting *Schaw v. Habitat for Humanity of Citrus County, Inc.*, 938 F.3d 1259 (11th Cir. 2019)) (quotations omitted). In the present case, all of Plaintiff's request for accommodation were facially reasonable. Each related to her disability: (1) her requests for legible font on communications from Defendant would allow her to read despite her visual impairment, at little to no additional cost to Defendant; (2) her request to maintain her fence to allow her dogs to roam outside without needing to watch them remedied an issue she faced from being unable to see the dogs, at no cost to Defendant; (3) her requests to pay her dues via mail allowed her to make the required payments which she was otherwise unable to make due to the inaccessibility of Defendant's website, at the cost to Defendant only of printing and mailing the bill and return envelope; and (4) her requests for board meetings to be recorded would have allowed her to listen without needing to travel from her home, and would have cost Defendant only the time of hitting the record button on a phone voice app and emailing the resulting file to Plaintiff. All of Plaintiff's requests were facially reasonable.

Facially reasonable accommodations like those described above then fail only if it would impose an undue financial or administrative burden on the housing provider or require a fundamental alteration of the nature of its operations. *Philippeaux v. Apt. Inv. & Mgmt. Co.*, 598 F. App'x 640, 644 (11th Cir. 2015) (quoting *Schwarz*, 544 F.3d at 1220). A proposed accommodation amounts to a "fundamental alteration" only if it would eliminate an "essential" aspect of Defendant's operations. See *Schwarz*. Defendant has not argued—nor could it—that providing Plaintiff with legible communications, retaining her backyard fence, installing an accessible gate lock, offering an alternative method to pay HOA dues, or supplying recordings of

Board meetings would create any such burden or alteration. On the contrary, each accommodation is modest, straightforward, and easily achievable. This was not disputed by any of Defendant's witnesses, nor its expert Eric Contreras. In the absence of any showing of financial hardship, administrative difficulty, or fundamental change in operations, Plaintiff's requested accommodations are reasonable as a matter of law.

The standard is slightly different when assessing requests for reasonable modifications. A claim under Section 3604(f)(3)(A) is only actionable where the defendant refuses to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person. 42. U.S.C.S. §3604(f)(3)(A). Plaintiff's request to alter the pool gate lock mechanism was reasonable on its face – it related to her disability and struggle to enter the pool area, and was not unduly burdensome on Defendant. Defendant, by refusing to respond or engage with Plaintiff on this request, effectively refused it before any dialogue could take place in which Plaintiff would have made this offer. Thus, Plaintiff's request for modification is actionable and reasonable in the present case.

### C. Plaintiff's Requested Accommodations Were Necessary to Afford Her an Opportunity to Use and Enjoy Her Dwelling

An accommodation is required if it "may be necessary to afford [Plaintiff an] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). "The word 'equal' is a relative term that requires a comparator to have meaning." *Schwarz*, 544 F.3d at 1226. Under the FHA, the comparator is a person without a disability, and an accommodation extends an equal opportunity when it addresses the needs the disability creates. *Id*. Thus, a plaintiff must show, at a minimum, "that the accommodation affirmatively enhances [her] quality of life by ameliorating (or reducing) the effects of [her] disability." *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277 (11th Cir. 2014).

9

Here, each of Plaintiff's requested accommodations would have affirmatively enhanced her quality of life by addressing the effects of her visual and mobility-related disabilities. Defendants have not disputed this. Specifically, Defendants do not dispute that Plaintiff requires (1) fully accessible paths of travel, (2) wheelchair-accessible entry to gated areas, (3) legible communications in 22-point Arial font, and (4) screen reader-accessible websites. SUMF ¶¶ 4-5, 12. This analysis is the same under the FLFHA. See *Loren,* 309 F.3d 1296, 1299 n.9 (11th Cir. 2002).

Plaintiff sought five categories of accommodations: (1) legible communications, (2) retention of her backyard fence for her service dogs, (3) access to the pool and an accessible pool gate lock, (4) an alternative method to pay HOA dues, and (5) recordings of Waterford Board of Directors meetings. Each was necessary to afford her equal use and enjoyment of her dwelling.

### 1. Legible Communications

This was Plaintiff's most frequent request. Plaintiff requested legible communications on at least 9 occasions, which included, but were not limited to: December 19, 2022; February 6, 2024; October 25, 2024; November 18, 2024; November 20, 2024; January 21, 2025; April 8, 2025; April 30, 2025; and May 10, 2025. *See* SUMF at ¶ 15.

Defendant's communications included important and time-sensitive information about HOA meetings, dues, community events, and a neighborhood directory. Because Plaintiff cannot read text smaller than 22-point Arial, these communications were inaccessible to her. *Id*. at ¶ 4. Providing them in a legible format would have ameliorated the barriers her visual disability created and was therefore necessary to afford her equal use and enjoyment of her home.

## 2.  Retention of Backyard Fence

Plaintiff also requested retention of a backyard fence to enable her to safely allow her service dogs outdoors. This request was made on October 6, 2023, and reiterated on November 18 and 20, 2024. *See* SUMF at ¶ 15.

Without a fence, her visual impairment made it impossible to monitor whether her dogs strayed into the road or out of her yard. A person without a visual disability would not face this risk. Retaining the fence would have allowed Plaintiff to care for her service dogs safely and fully enjoy her dwelling.

## 3.  Access to the Pool and an Accessible Pool Gate Lock

Plaintiff's request for access to the pool and an accessible gate lock was rooted in both her visual and mobility impairments. Plaintiff made this request on October 4, 2024, and reiterated it on November 18 and 20, 2024. *See* SUMF at ¶ 15.

A sighted, able-bodied resident could easily insert a key and maneuver through the gate before it closed. Plaintiff, however, struggled with the lock due to her loss of vision and wheelchair use. As a result, Plaintiff was wholly unable to access the pool area. She also made requests to ensure she had accessible pathways leading to and throughout the pool facility. Unimpeded access and a more accessible lock would have enabled her to enjoy the community pool, a core amenity of her residence, on equal terms.

## 4.  Alternative Method of Paying HOA Dues

Plaintiff made requests for an alternative method of paying HOA dues on at least X occasions, including, but not limited to: October 22, 2024; November 6, 2024; November 7, 2024, November 18, 2024; and November 20, 2024. *See* SUMF at ¶ 15.

Plaintiff was wholly unable to access Defendant's website, and thus pay her monthly HOA dues, because it was incompatible with her screen reader. Making the website accessible or providing an another accessible method would have removed this barrier and provided her equal access to a core responsibility of homeownership in Defendant's subdivision.

### 5.  Recordings of Board Meetings

Finally, Plaintiff requested recordings of Board meetings, as her visual and mobility impairments made in-person attendance nearly impossible. These requests were made on: April 23, 2025; April 30, 2025; and May 12, 2025. *See* SUMF at ¶ 15.

Meetings were held at the pool facility, which was itself inaccessible due to the gate lock. Unlike nondisabled residents, Plaintiff could not reliably leave the house to travel to or access the meeting space. Recordings would have given her equal access to vital governance information affecting her home.

Because each of these requested accommodations would have affirmatively enhanced Plaintiff's quality of life by reducing the effects of her visual and mobility impairments, they were necessary to afford her an equal opportunity to use and enjoy her dwelling.

### D.  Defendant Refused to Make Plaintiff's Requested Accommodations

In a case pleading discrimination under the FHA and FLFHA, Plaintiff is normally required to show that the Defendant refused to make an accommodation or modification. See *Hunt v. Aimco Props.,* L.P., 814 F.3d 1213, 1226 (11th Cir. 2016) (citing *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014)), *Sackman v. Balfour Beatty Cmtys., LLC*, No. CV 113-066, 2014 U.S. Dist. LEXIS 125389, 2014 WL 4415938, at *5 (S.D. Ga. 2014). In the present instance, however, each of Plaintiff's requests were wholly *ignored* by Defendant. Thus, Plaintiff is not required to show that Defendant outright *refused* to make their requested

accommodation. That's because "the failure to make a timely determination after meaningful review [also] amounts to constructive denial of the requested accommodation, 'as an indeterminate delay has the same effect as an outright denial.'" *Bhogaita*, 765 F.3d 1277 (11th Cir. 2014) (quoting *Groome Res. Ltd. v. Parish of Jefferson*, 234 F.3d 192, 199 (5th Cir. 2000)). Thus, if a defendant failed to make a timely determination on the plaintiff's request for reasonable accommodation, that defendant has, for the purposes of the law, refused that request.

In the present case, it is entirely undisputed that Defendant received more than twenty requests for accommodation and modification from Plaintiff throughout 2022, 2023, 2024, and 2025. *See* SUMF at ¶ 15. Defendant and/or its agents testified that they were familiar with the requests, and had been familiar with them at all relevant times. *Id.* ¶¶ 15, 18. Additionally, it is undisputed that Defendant and/or its agents wholly ignored nearly all of these requests. In fact, testimony indicates they did so at the express advice of legal counsel. *Id.* ¶¶ 15-16.

Plaintiff's requests included: requests for a large font hard copy of the HOA's information; the ability to keep a temporary garden fence in place; an accessible electronic version of the neighborhood directory; an accessible gate lock in the swimming pool area; a paper ACH form to set up ACH payments; a welcome package printed in large font; an alternative, accessible manner of paying her monthly HOA dues; information to be sent in an accessible font size or emailed to her; and recordings of two Board of Directors meetings that she was unable to physically attend due to her disability. These requests were sent between December 19, 2022 and May 12, 2025, and it is undisputed that Defendant did not respond to a single one. *Id.* at ¶ 15.

Defendant's own expert, Mr. Eric Contreras, even testified that the FHA prohibits requestees from ignoring requests from a plaintiff. In his report, he wrote, "a provider has an obligation to provide prompt responses to reasonable accommodation requests. An undue delay in

responding to a reasonable accommodation request may be deemed to be a failure to provide a reasonable accommodation." *Id.* at ¶ 9. And in his deposition, he testified that, "…the housing provider has a responsibility to respond in a timely manner to that request. Otherwise, not responding in a timely manner…can be construed as…not providing the accommodation." *Id.*

Defendant's wholesale failure to respond – for four months with the most recent request, and nearly three years for the oldest – amounts to a constructive denial of the requested accommodations. See *Bhogaita* 765 F.3d 1277 (11th Cir. 2014). In this case, therefore, it is a matter of undisputed fact and law that the Defendant, WATERFORD AT ABERDEEN ASSOCIATION, refused to make Plaintiff's requested reasonable accommodations and modifications.

### E.  Plaintiff Has Satisfied All Four Elements Her FHA and FLFHA Claims and Is Entitled to Summary Judgment on All of Counts III and V

The record leaves no room for genuine dispute as to any material fact concerning the elements of Plaintiff's FHA and FLFHA claims. First, Plaintiff is disabled within the meaning of both statutes, as established through her legal blindness, medical history, and undisputed testimony, with no evidence in the record controverting her disability status. Second, Plaintiff made repeated requests for reasonable accommodations and modifications—requests that were facially reasonable, modest in scope, and directly connected to her disabilities. Third, each of these accommodations and modifications was necessary to afford Plaintiff equal use and enjoyment of her dwelling, as they ameliorated barriers caused by her disabilities and would have placed her on equal footing with non-disabled residents. Finally, Defendant refused these requests, not by explicit denial, but by wholesale silence and inaction—an effective constructive denial under controlling precedent.

Courts have made clear that the FHA and FLFHA require housing providers to engage in a good faith, timely process when faced with such requests. Defendant's failure to provide even a

single response over a period of years is dispositive on this element. See *Bhogaita*, 765 F.3d 1277 (11th Cir. 2014). Because Plaintiff has met her burden on all four elements, and because Defendant has failed to present any evidence creating a genuine issue of material fact, Plaintiff is entitled to summary judgment as a matter of law. Accordingly, summary judgment should be entered in Plaintiff's favor on Counts III and V in their entirety.

**II.     AS A MATTER OF LAW AND UNDISPUTED FACT, PLAINTIFF ENGAGED IN, AND DEFENDANT WAS AWARE OF, PROTECTED ACTIVITY UNDER THE FHA AND FLFHA.**

The FHA prohibits interference with any person in exercising their rights under the FHA. 42 U.S.C. §3617. Section 3617 has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws. Under the FHA, a plaintiff has been subjected to retaliation when (1) they engaged in activity protected under the FHA, such as filing a fair housing complaint or requesting a reasonable accommodation, (2) the defendant knew or reasonably should have known that the plaintiff engaged in protected activity, (3) the defendant subjected the plaintiff to adverse action, intimidation, coercion, threats, or interference, and (4) there is a causal link between the plaintiff's protected activity and the adverse action. Here, Plaintiff is seeking summary judgment only as to elements (1) and (2).

The FLFHA prohibits the interference with any person in exercising their rights under the FLFHA. Fla. Stat. § 760.37. Section 760.37 has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws. Courts generally adopt the same elements used in federal FHA retaliation claims under 42 U.S.C. § 3617. Thus, plaintiffs generally must show the same elements as discussed in the FHA retaliation count above. Here, Plaintiff is seeking summary judgment only as to elements (1) and (2).

### A.  Plaintiff Engaged in Protected Activity

Protected activity under the FHA and FLFHA includes requesting a reasonable accommodation and filing a complaint with a housing or employment agency. "Requesting a reasonable accommodation constitutes protected activity under the FHA." ALONSO CANO (citing *Bone v. Vill. Club, Inc.*, 223 F. Supp. 3d 1203, 1218 (M.D. Fla. 2016)) (quotations omitted). Filing a complaint with a housing or employment agency is also a protected activity under the FHA. See *Clark v. Pinellas Cty.*, Case No. 8:17-cv-667-MAP, 2017 U.S. Dist. LEXIS 218558, 2017 WL 6387621, at *2 (M.D. Fla. 2017).

In the present case, it is undisputed that Plaintiff requested multiple accommodations and modifications from Defendant in accordance with the FHA and FLFHA. *See* SUMF ¶¶ 14-15. These included requests for legible font in communications, the ability to keep her backyard fence, the ability to pay her dues via mail, a modification to the pool gate lock, and the recording of board meetings. *Id.*

Both requesting reasonable accommodations and modifications and filing a complaint with the EEOC qualify as exercising a right under the FLA and the FLFHA. Accordingly, Plaintiff engaged in protected activities by making these requests of WATERFORD and filing her EEOC complaint.

In this case, therefore, it is a matter of undisputed fact and law that the Plaintiff, LORI ROBINS, engaged in protected activity as defined by the FHA and FLFHA.

### B.  Defendant was Aware that Plaintiff Engaged in Protected Activity

It is also undisputed that Defendant and/or its agents were aware that Plaintiff had engaged in these protected activities. *See* SUMF at ¶ 18. Accordingly, Defendant had been put on notice that Plaintiff had engaged in protected activity.

In this case, therefore, it is a matter of undisputed fact and law that Defendant, WATERFORD AT ABERDEEN ASSOCIATION, INC., and/or its agents, knew that Plaintiff had engaged in this protected activity.

## CONCLUSION

Plaintiff is entitled to summary judgment in her favor. As evident from Defendants' Responses to Plaintiff's Requests for Admissions, Answers to Interrogatories, depositions and documents produced, it is clear there are no remaining genuine issues of material facts pertaining to several of Plaintiff's claims. Defendant engaged in disability discrimination in violation of both the FHA and the FLFHA; and Plaintiff Engaged in, and Defendant was aware of, protected activity under both the FHA and FLFHA.

WHEREFORE, Plaintiff, LORI ROBINS, respectfully requests that this Court enter partial Summary Judgment against Defendant, WATERFORD AT ABERDEEN ASSOCIATION, INC, a Florida-Not-For-Profit Corporation, and grant any and all further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED September 19, 2025

By: **/s/ Gregory S. Sconzo**
Gregory S. Sconzo, Esq.
Florida Bar No.: 0105553
Sconzo Law Office, P.A.
300 Ave of the Champions, Suite 260
Palm Beach Gardens, FL 33418
Telephone: (561) 729-0940
Facsimile: (561) 491-9459
Email: greg@sconzolawoffice.com
Secondary Email: rachel@sconzolawoffice.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

By: **/s/ Gregory S. Sconzo**
Gregory S. Sconzo, Esq.
Florida Bar No.: 105553