UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81213-CIV-SINGHAL/MAYNARD

LORI ROBINS,

    Plaintiff,

vs.

ABERDEEN GOLF & COUNTRY CLUB, INC., a Florida Not-For-Profit Corporation, and WATERFORD AT ABERDEEN ASSOCIATION, INC., a Florida Not-for-Profit Corporation,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF INITIAL REPORT OF EXPERT WITNESS WILLIAM NORKUNAS FROM DEFENDANT ABERDEEN GOLF & COUNTRY CLUB, INC.

**THIS CAUSE** is before me upon Plaintiff's Motion to Compel Production of Initial Report of Expert Witness William Norkunas from Defendant, Aberdeen Golf & Country Club, Inc. ("Motion"). DE 73. Defendant Aberdeen filed a Response to the Motion. DE 94. I have reviewed the submissions. Being fully advised, it is **ORDERED AND ADJUDGED** that the Motion is **DENIED** for the following reasons.

### BACKGROUND

This case involves claims brought under the Americans with Disabilities Act ("ADA"), the Fair Housing Act, and the Florida Fair Housing Act. DE 29 at 1. Plaintiff, who is legally blind, is a resident on the property of Defendant Waterford at Aberdeen Association, Inc., which is a subdivision of Defendant Aberdeen Golf & Country Club, Inc. ("Aberdeen"). *Id.* at 1, 3. Plaintiff

asserts that Defendants failed to provide reasonable accommodations, including regarding facility access, and discriminated against Plaintiff.  *Id.* at 5.

On June 30, 2025, Plaintiff disclosed its expert witnesses, including Carlos Herrera, who will testify about topics including the classification of Defendants' property as a place of public accommodation under the ADA, the presence of physical barriers to access, and the available remedies for those physical barriers.  DE 53 at 2.  On June 30, 2025, Defendant Aberdeen disclosed rebuttal experts, including William Norkunas, who would rebut Mr. Herrera's opinions that Defendant Aberdeen's property was a place of public accommodation and that the property contained physical barriers that could be remedied.  DE 55 at 2.

On September 5, 2025, the final day of discovery, *see* DE 66 at 1, Plaintiff deposed Mr. Norkunas.  DE 94-2 at 1.  Mr. Norkunas explained that in addition to working as a litigation expert, he is sometimes retained to inspect properties and advise the owners on how they can bring the properties into compliance with the ADA.  *Id.* at 28.  Mr. Norkunas entered into one retainer agreement in this case on February 17, 2025, which agreement stated Mr. Norkunas would "serve as an ADA expert" for Defendant Aberdeen and bill for "standard consulting."  *Id.* at 59.

Mr. Norkunas explained that once he was retained, Defendant Aberdeen asked him to visit the property at issue with a copy of the Amended Complaint in hand to evaluate the validity of Plaintiff's claims.  DE 94-2 at 51.  This inspection occurred on February 26, 2025, and Mr. Norkunas took photographs of the property on that date.  *Id.* at 51–52.  These photographs had been produced to Plaintiff the evening before the deposition.  DE 73 at 2; DE 94 at 4.  Mr. Norkunas characterized the February inspection as "a perusal inspection to tell" Defendant Aberdeen what "good points" the Amended Complaint made.  DE 94-2 at 116.

2

Mr. Norkunas testified that after the February 26 inspection, he "issued a draft expert report" ("Inspection Report"). DE 94-2 at 55; *see also id.* at 61 (referring to a draft report). When Plaintiff tried to inquire as to the contents of the Inspection Report, Defendant Aberdeen objected on the grounds that the Inspection Report was a draft—in contrast to the expert report Defendant Aberdeen had ultimately produced ("Disclosed Report")—and the Federal Rules of Civil Procedure do not require disclosure of draft expert reports. DE 94-2 at 55–57. Defendant Aberdeen said it would allow Plaintiff to ask questions about what Mr. Norkunas did during the inspection or about the photographs he took. *Id.* at 58.

Mr. Norkunas testified that after the inspection, he made recommendations for repairs to be made to the property. *Id.* at 75. Mr. Norkunas confirmed that he received an email on May 16, 2025, stating that recommended corrections had been made based on his inspection. *Id.* at 94–95, 101. Mr. Norkunas later accompanied Mr. Herrera on the latter's June 13, 2025, inspection of the property, but Mr. Norkunas did not reinspect the property or take any new photographs at that time. *Id.* at 101, 103. Mr. Norkunas used the photographs from his February inspection in drafting the Disclosed Report. *Id.* at 102–03. Mr. Norkunas also confirmed that all his opinions in this litigation were contained within the Disclosed Report, dated July 14, 2025. *Id.* at 41–42.

## DISCUSSION

In the Motion, Plaintiff asserts that Aberdeen improperly withheld the Inspection Report. DE 73 at 1. Plaintiff asserts she became aware of the Inspection Report through the review of documents produced by Defendant Aberdeen and through the deposition of Mr. Norkunas. *Id.* Plaintiff requests that the Court compel production of the Inspection Report and impose monetary sanctions against Defendant Aberdeen. *Id.* at 4. Defendant Aberdeen responds that the Inspection Report was a draft report protected from disclosure by the Federal Rules of Civil Procedure. DE

94 at 1–2, 3–4. Defendant Aberdeen also explains that Mr. Norkunas was a consultant when he inspected the property and created the Inspection Report, and Defendant Aberdeen only later decided to ask Mr. Norkunas to serve as a testifying rebuttal expert. *Id.* Further, Defendant Aberdeen notes that it has produced all the photographs taken during the February 26, 2025, inspection. *Id.* at 2.

As an initial matter, the Motion is procedurally defective, as it was filed after the discovery deadline. The discovery deadline was September 5, 2025. DE 66 at 1. Plaintiff filed the Motion two weeks later on September 19, 2025, the same day motions for summary judgment were filed. "The Court does not entertain motions to compel filed after the discovery cutoff because relief cannot be granted now that the discovery period is closed, unless there are compelling reasons to do so (e.g., violation of an earlier discovery order)." *Wademan v. United States*, 2017 WL 7794321, at *1 (S.D. Fla. May 3, 2017). Plaintiff has established no such compelling reasons. Plaintiff says that a review of documents Aberdeen produced revealed the existence of the Inspection Report but does not say when those documents were produced. DE 73 at 2. Even if Plaintiff first learned about the Inspection Report during the deposition of Mr. Norkunas on September 5, 2025, Plaintiff does not explain why she then waited two weeks to file the Motion. "Under th[e]se circumstances, the Court has wide discretion under the Court's Rules and Rule 26 to deny the requested relief." *Wademan*, 2017 WL 7794321, at *1.

In addition to its untimeliness, the Motion should also be denied on the merits. Plaintiff cites no legal authority supporting her claim that she is entitled to see the Inspection Report, which was a draft report protected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(4)(B) (protecting a testifying expert's draft report against disclosure "regardless of the form in which the draft is recorded"). Plaintiff's main argument seems to be that the Inspection Report

4

was not a draft, but a separate final report; the evidence does not support this theory. Mr. Norkunas and his counsel have described the Inspection Report as a draft report multiple times, and Mr. Norkunas used the same underlying data—the photographs from the inspection—to draft the Disclosed Report, which Defendant Aberdeen produced as the *final* rebuttal expert report.

Even if the Inspection Report was not a draft report, it was a consultant's report not subject to disclosure. Given the testimony Mr. Norkunas provided about his history of serving as a consulting expert, the language in the retainer agreement for Mr. Norkunas (citing "standard consulting," DE 94-2 at 59), and the nature of the inspection (pinpointing ways Defendant Aberdeen could improve its premises accessibility), I find credible Defendant Aberdeen's representation that Mr. Norkunas was a consulting expert, *not* a testifying rebuttal expert, when he authored the Inspection Report. As Defendant Aberdeen points out, the purpose of the Rule protecting draft expert reports from disclosure is to avoid the need to employ separate sets of experts for fear of "disclosure of . . . collaborative interactions with expert consultants . . . ." DE 94 at 3–4; *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 11346739, at *3 (S.D. Fla. Aug. 15, 2018) (quoting Fed. R. Civ. P. 26(b)(4) advisory committee's note to 2010 amendment). To require disclosure of the Inspection Report Mr. Norkunas drafted as a consultant would directly contradict the purpose of the Federal Rules.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel, DE 73, including the Motion's request for sanctions, is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of October, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE