UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-81213-AHS

LORI ROBINS,

    Plaintiff,

v.

ABERDEEN GOLF & COUNTRY
CLUB, INC., a Florida Not-For-Profit
Corporation; WATERFORD AT
ABERDEEN ASSOCIATION, INC.,
a Florida Not-For-Profit Corporation,

    Defendants.
_____/

**DEFENDANT, WATERFORD AT ABERDEEN ASSOCIATION, INC.'S,
REPLY IN SUPPORT OF ITS AMENDED PARTIALLY
UNOPPOSED *OMNIBUS* MOTION IN LIMINE**

    Defendant, WATERFORD AT ABERDEEN ASSOCIATION, INC. ("Waterford"), by and through its undersigned counsel, hereby files this Reply in Support of Waterford's Amended Partially Unopposed *Omnibus* Motion in Limine [D.E. 100] (the "Motion"), and in support thereof, states as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

    By way of background, this lawsuit arises out of Plaintiff's, Lori Robins ("Plaintiff"), residency in Waterford, a gated subdivision within the private golf community, Aberdeen Golf & Country Club (the "Club"). On October 2, 2025, Waterford filed the Motion, wherein Waterford asks this Court to exclude any reference to the following at trial:

    (a)    Any insurance coverage Waterford may have;

    (b)    Any allegations not alleged in the Amended Complaint; and

> (c) Any damages not alleged in the Amended Complaint or disclosed in Plaintiff's Rule 26 Initial Disclosures.

*See generally* Motion.

On October 23, 2025, Plaintiff filed a Response in Opposition to Waterford's Omnibus Motion in Limine [D.E. 147] ("Response"). While Plaintiff does not oppose Waterford's request to preclude any evidence or argument at trial regarding insurance coverage, Plaintiff does oppose Waterford's request to preclude any reference to or evidence relating to any unpled allegations or damages that were not properly pled or disclosed under Federal Rule of Civil Procedure 26. *See generally* Response.

However, as explained herein, Plaintiff's own Response confirms that she intends to rely on allegations and supposed damages that were not included in her operative pleading and Initial Disclosures, thereby reinforcing the need for the Court's pretrial intervention. As the Response neither adequately disputes nor cures the deficiencies raised in Waterford's Motion, Plaintiff's Response should be disregarded and Waterford's Motion should be granted in its entirety.

## MEMORANDUM OF LAW

### I. A Motion in Limine Is Proper Here

Initially, in the Response, Plaintiff argues that motions in limine are disfavored and that evidentiary rulings should be deferred until trial. *See* Response, at 2-3. However, this argument mischaracterizes both the law and the nature of the Motion. To be clear, Waterford is not asking the Court to issue an advisory opinion on hypothetical evidence. *See generally* Motion. Rather, the Motion seeks to prevent the introduction of unpled claims and undisclosed damages, which are clearly inadmissible and for which no factual scenario could render their admission proper.

Contrary to Plaintiff's unsupported suggestion, the Eleventh Circuit and this Court have consistently granted motions in limine to preclude precisely the type of prejudicial evidence

Plaintiff seeks to elicit at trial. *See e.g., Orellana v. Tecta American South Fla., Inc.*, 2011 WL 13220457, *2 (S.D. Fla. May 23, 2021) (granting defendants' motion in limine to exclude the plaintiff's unpled breach of contract claim); *Goodman-Gable-Gould Co. v. Tiara Condo. Assoc., Inc.*, 595 F.3d 1203 (11th Cir. 2010) (affirming order excluding trial evidence of an unpled misrepresentation theory); *Nunez v. City of Pompano Beach,* No. 20-62626-CIV-DIMITROULEAS/SNOW, 2022 WL 18539329, *2-3 (S.D. Fla. April 26, 2022) (excluding plaintiff's evidence of damages at trial because plaintiff's Rule 26 disclosures were inadequate and plaintiff's brief description of damages without any computations in response to an interrogatory falls shorts of plaintiff's Rule 26 disclosure requirements); *Dorvil v. Nationstar Mortgage, LLC,* 852 Fed. Appx., 468, 474-75 (11th Cir. 2021) (affirming trial court's grant of motion in limine precluding damages testimony from plaintiff who made insufficient Rule 26 damage disclosure).

Accordingly, Plaintiff's insinuation that the Court should not grant motions in limine on the issues before this Court is misplaced, and her own Response emphasizes the need for the relief sought by the Motion.

**II.     Plaintiff's Response Confirms That She Intends to Rely on Allegations Not Pled in the Operative Complaint**

In the Motion, Waterford argued that any reference to allegations or claims not raised in Plaintiff's Amended Complaint should be excluded at trial. *See generally* Motion; *see also Blackshear v. City of Miami Beach,* 799 F.Supp.2d 1338, 1343 (S.D. Fla. 2011) ("A complaint ... must give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)); *Orellana v. Tecta American South Fla., Inc.*, 2011 WL 13220457, *2 (S.D. Fla. May 23, 2021) (granting defendants' motion in limine to exclude the plaintiff's unpled

breach of contract claim); *Goodman-Gable-Gould Co. v. Tiara Condo. Assoc., Inc.*, 595 F.3d 1203 (11th Cir. 2010) (affirming order excluding trial evidence of an unpled misrepresentation theory).

In the Response, Plaintiff does not dispute that she failed to plead the numerous incidents in the operative pleading that she now attempts to rely on to bolster her claims:

(1) Waterford's Board purportedly denied a request for accommodation for three (3) service animals.

(2) Davenport Property Management, LLC ("Davenport"), "acting as designated agents for the defendants," purportedly denied a request for accommodation for an accessible website.

(3) Davenport purportedly refused to issue Plaintiff transponder for the gate entry to the Waterford Community.

(4) Davenport purportedly denied Plaintiff's request for accommodation for an alternative method to submit work orders for property repairs, to receive minutes of monthly board meetings, to modify the pool gate entry with an accessible keypad lock, and to receive a transponder for Waterford's community gate.

(5) Davenport purportedly refused to respond to Plaintiff roof repair requests, irrigation system repair requests, and drainage issues.

(6) Davenport purportedly denied providing Plaintiff with accessible hardcopy or electronic access to information about chemical spraying, fertilizing, landscaping, painting, power washing, etc., of her property.

(7) On January 29, 2024, Waterford sent an e-mail about palm trees with fungus disease being removed. When Plaintiff asked for more specific information about the location of these trees, Plaintiff alleges she received no response.

(8) On March 4, 2025, Plaintiff alleges she found another threatening letter hand-delivered to her mailbox. Plaintiff alleges that she notified the board of directors, and they took no action to ensure her safety.

(9) GRS Property Management ("GRS") purportedly denied her request for accommodation for an accessible means to pay monthly dues.

(10) GRS purportedly denied Plaintiff's request for recorded or transcribed minutes of the monthly board meeting.

*See generally* Response. Rather, Plaintiff merely argues that she alleges that she was denied reasonable modifications and accommodations under the FHA in connection with the pool gate, common areas, and other facilities. *See* Response, at 3. In support of this assertion, Plaintiff cites to paragraphs 20-44 and 57-63 of the Amended Complaint. *See id.* Notably, paragraphs 20-36 and paragraphs 57-63 have nothing to do with Waterford and pertain solely to Plaintiff's allegations against the Club[1]. Am. Compl., ¶¶20-36; 57-63. As to paragraphs 37 through 44 that Plaintiff purportedly relies upon, these allegations pertain solely to Waterford's purported website. Am. Compl., ¶¶37-44.

Moreover, Plaintiff's broad reference to general allegations of discrimination or failure to accommodate cannot encompass Plaintiff's ever-changing theories and incidents that are not alleged in the operative complaint. To be clear, the only requests for accommodation Plaintiff alleges she purportedly made to Waterford were requests that (i) Waterford's pool gate lock ("Pool Lock") be replaced with an accessible push button or voice-controlled lock and (ii) correspondences be sent to her electronically and in an accessible format. Am. Compl., ¶¶ 45, 49. Despite this, Plaintiff now attempts to rely on additional, unpled purported incidents or requests for accommodation to support her claims.

Furthermore, after the filing of this Motion, Plaintiff filed her Motion for Partial Summary Judgment against Waterford, wherein Plaintiff, again, attempts to rely on purported incidents that are not alleged in the operative pleading. *See* [D.E. 77]. Specifically, Plaintiff, for the first time in her Motion for Summary Judgment alleges that she:

(1) Requested that she be allowed a garden fence to care for her service animal;

(2) Requested an accessible electronic version of the neighborhood directory;

---

[1] It is Waterford's understanding that Plaintiff has settled her claims against the Club, and in light of the same, the Club will not be appearing as a Defendant at the trial of this matter. This fact further illustrates the error in Plaintiff's argument.

  (3)  Requested an ACH form to set up her ACH payments;

  (4)  Requested an alternative, accessible manner of paying her monthly HOA dues;

  (5)  Requested that board meetings be video recorded and provided to her; and

  (6)  On February 21, 2024, Plaintiff filed a complaint against Waterford with the EEOC.

*See id.* Notably, it is undisputed that some of the aforementioned actions occurred <u>after</u> the filing of the Amended Complaint. *Id.* Nevertheless, Plaintiff never sought leave under Federal Rule of Civil Procedure 15(d) to add these purported requests for accommodation to the operative complaint in support of her claims.

  In short, it is clear that Plaintiff's claims are constantly evolving between theories and facts that were never adequately pled, leaving Waterford left to speculate as to the actual allegations and claims against it. While Plaintiff asserts in her Response that courts "consistently hold that plaintiffs may present evidence of accessibility barriers and accommodation denials that are consistent with and flow from the allegations pleaded[,] Plaintiff fails to provide any supporting caselaw. *See* Response, at 4. Indeed, Plaintiff's assertion is followed by a notation "CITE," which supports the absence of any supporting caselaw. *Id.*

  As Plaintiff failed to plead these alleged discriminatory and retaliatory incidents, some of which Plaintiff alleges were not even taken by Waterford, any reference to such unpled allegations would be relatively low in probative value and substantially outweighed by the risk of confusing the jury and unfairly prejudicing Waterford. *See Kipu Systems, LLC v. ZenCharts, LLC*, 2020 WL 9460639, *8-9 (S.D. Fla. Nov. 24, 2020) (finding that "a judgment may not be based on issues not presented in the pleadings and not tried with the express or implied consent of the parties."); *Cook v. CSK Transp., Inc.*, 2008 WL 2064549, *1 (M.D. Fla. 2008) (finding that "[a]s discovery is now

over … any reference by Plaintiff to these unpled claims would be untimely and unfairly prejudicial to [defendant]"); *Goodman-Gable-Gould Co.*, 595 F.3d 1203 (11th Cir. 2010).

### III. Plaintiff's Response Confirms That Her Damages Were Never Properly Computed or Disclosed in Accordance with Federal Rule of Civil Procedure 26

In the Motion, Waterford argues that any reference to damages not alleged in the Amended Complaint or disclosed in Plaintiff's Initial Disclosures should be excluded. *See* Motion, at 7-11; *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii); *Nunez v. City of Pompano Beach,* No. 20-62626-CIV-DIMITROULEAS/SNOW, 2022 WL 18539329, *2-3 (S.D. Fla. April 26, 2022) (excluding plaintiff's evidence of damages at trial because plaintiff's Rule 26 disclosures were inadequate and plaintiff's brief description of damages without any computations in response to an interrogatory falls shorts of plaintiff's Rule 26 disclosure requirements); *Dorvil v. Nationstar Mortgage, LLC,* 852 Fed. Appx., 468, 474-75 (11th Cir. 2021) (affirming trial court's grant of motion in limine precluding damages testimony from plaintiff who made insufficient Rule 26 damage disclosure); *Mora v. Burlington Stores, Inc.,* No. 19-23838-CIV-COOKE/GOODMAN, 2022 WL 597463, *8 (S.D. Fla. Feb. 10, 2022) (granting motion in limine and precluding plaintiff from introducing "evidence or argument for past lost wages and compensation and future loss of earning capacity" as a result of plaintiff's deficient Rule 26 disclosures).

In her Response, Plaintiff fails to cure her Rule 26 deficiencies and identifies no computation or supporting documentation that support that she properly computed and disclosed her alleged damages. *See generally* Response. Initially, Plaintiff asserts that she provided:

(i)  A Complaint alleging denial of modifications and accommodations;

(ii)  Initial Disclosures with documents showing the requests and denials at issue; and

(iii)  Interrogatory responses identifying diminution of value and physical injuries.

*See* Response, at 4. However, none of these items satisfy Rule 26.

Here, the first two categories regarding the alleged denial of modifications and requests concern alleged liability, not whether Plaintiff properly disclosed her damages. *See id.* Indeed, as explained in the Motion, neither the Amended Complaint nor Plaintiff's Initial Disclosures contain any numerical calculations, formulas, or supporting documentation from which Plaintiff's damages can be determined. *See generally,* Motion.

Plaintiff's third point that her interrogatory answers identified the diminution of value and physical injury is equally deficient and misplaced. Specifically, Plaintiff ignores the fact that she did not provide any computation of how this $150,000 in diminution of property value was derived or calculated. Accordingly, Plaintiff has failed to sufficiently disclose her damages under Rule 26. *See Nunez*, 2022 WL 18539329, at *2-3; *Dorvil,* 852 Fed. Appx., at 474-75; *Mora*, 2022 WL 597463, at *8.

Additionally, in support of this argument, Plaintiff mention a "physical injury" and that her "testimony regarding her foot injury and related mobility issues is relevant to her claims for reasonable accommodations under the FHA and ADA." Response, at 4. However, it is unclear how this argument has any bearing on the issue before this Court – *i.e.,* Plaintiff's failure to adequately compute or disclose her alleged damages as it pertains to Waterford. Likewise, Plaintiff's discussion of the alleged inaccessible dining areas not only has no relevancy to the issue before this Court, but it also relates exclusively to the Club, not Waterford, which has no dining facilities. *Id.* Accordingly, this argument emphasizes Plaintiff's everchanging claims, her intent to blend her allegations and claims against separate Defendants, and the need for such allegations and damages not adequately pled or disclosed to be excluded at trial.

Moreover, Plaintiff does not dispute Waterford's argument she failed to disclose any computations in support of her alleged (i) actual damages (*i.e.,* purported membership dues, landscaping costs, storage unit fees, or other repair costs), (ii) out of pocket expenses (*i.e.,* legal costs and expenses and disability-related assistance expenses), (iii) emotional distress damages, or (iv) punitive damages. *See generally* Response. Rather, Plaintiff merely asserts that her Initial Disclosures "supplied computations and contemporaneous emails, work orders, and photographs documented the drainage problems, roofing issues, bee infestation, loss of property value, loss of enjoyment, and Defendant's failure to respond or assist." Response, at 5. However, as set forth in the Motion, Plaintiff's Initial Disclosures contain no dollar figures or calculations whatsoever. *See* Initial Disclosures, [D.E. 107-1]. Additionally, the purported documentation Plaintiff attempts to rely on does not provide any computation of damages. *See id.*

Plaintiff's silence on her failure to compute or properly disclose her actual damages, out of pocket expenses, emotional distress damages, and punitive damages, operates as a concession to Waterford's argument that such damages should be excluded at trial. *See Jones v. Bank of Am., N.A.*, 564 Fed.Appx. 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed") (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)). Accordingly, this Court should treat Waterford's argument related to those damages as if it was unopposed. *See id.*

In sum, Plaintiff's Response does nothing to cure her failure to adequately compute and disclose her alleged damages against Waterford as required by Rule 26. *See generally* Response. Instead, Plaintiff's Response only highlights her failure to plead specific damages in the Amended Complaint, her failure to provide the required computation or supporting materials in Plaintiff's Initial Disclosures, and her failure to cure those deficiencies during discovery. Accordingly, Rule

37(c)(1) and case law mandates exclusion. *See Nunez*, 2022 WL 18539329, at *2-3; *Dorvil,* 852 Fed. Appx., at 474-75; *Mora*, 2022 WL 597463, at *8.

WHEREFORE, Defendant, WATERFORD AT ABERDEEN ASSOCIATION, INC. requests the Court enter an Order granting Waterford's Amended Partially Unopposed *Omnibus* Motion in Limine, and to grant any other relief in favor of the Defendant.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that on this 30th day of October, 2025, a true and correct copy of foregoing was filed electronically via the CM/ECF System and served via e-notice on counsel of record for all parties identified below.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant, Waterford at Aberdeen Association, Inc.*
> 222 Lakeview Avenue, Suite 500
> West Palm Beach, FL 33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
> E-mail: jillian.strasser@csklegal.com
> E-mail: emma.mccarthy@csklegal.com
>
> By: */s/ Emma L. McCarthy*
> JILLIAN STRASSER
> FL Bar No.: 113611
> EMMA L. MCCARTHY
> FL Bar No.: 1048504