UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81213-CIV-SINGHAL

LORI ROBINS,

     Plaintiff,

v.

WATERFORD AT ABERDEEN
ASSOCIATION, INC., *et al.*,

     Defendants.

_____/

**ORDER ON MOTION *IN LIMINE***

**THIS CAUSE** is before the Court on Defendant, Waterford at Aberdeen Association, Inc.'s Amended Partially Unopposed Omnibus Motion in Limine (the "Motion") (DE [100]).  Defendant Waterford at Aberdeen Association, Inc. (Defendant) asks the Court to exclude evidence in trial regarding (1) Defendant's insurance coverage; (2) any allegations not alleged in the Amended Complaint; and (3) any damages not alleged in the Amended Complaint nor disclosed in Initial Disclosures.  Plaintiff agrees to not introduce any evidence regarding Defendant's insurance coverage, so the Court does not need to address the first request any further.  Plaintiff opposes Defendant's motion as to the second and third requests, and Defendant's Motion is ripe for the Court's review.  The Court grants the Motion (DE [100]) as to allegations not alleged in the Amended Complaint and denies in part and grants in part the Motion as to damages not disclosed in Initial Disclosures.

I.      Motion *in Limine* to Exclude Allegations not Alleged in the Amended Complaint

Defendant requests that the Court exclude allegations or claims not raised in the Amended Complaint.  The Court previously addressed part of this issue in its Order (DE [154]) on summary judgment.  The Court stated that "this litigation is . . . limited" to the allegations raised in the Amended Complaint.  For allegations of discrimination, the litigation is limited to Plaintiff's allegation that Defendant discriminated against her by denying her request to modify the pool lock; refusing her request to send physical copies of the ACH form; and ignoring her request to submit work orders via email (for which the Court granted Plaintiff summary judgment).  *See* (DE [154]).

For Plaintiff's allegations of retaliation, each instance of retaliation is a separate cause of action and must have been alleged in the Amended Complaint.  Plaintiff cannot raise new instances of retaliation that she did not plead in her complaint.  *See Coleman v. Bowden*, 797 Fed. Appx. 422, 430 ("The district court correctly declined to consider the latter basis for the retaliation claim, as Mr. Coleman cannot raise a new, unpled claim at the summary judgment stage.").  Plaintiff is limited to alleging only the incidents of retaliation that she pled in her Amended Complaint (DE [29]).  Defendant's Motion (DE [100]) is granted as to allegations and claims not included in the Amended Complaint.

II.     Motion *in Limine* as to Damages Not Alleged in the Amended Complaint or Disclosed in Initial Disclosures

Next, Defendant requests that the Court exclude any evidence of damages that were not raised in the Amended Complaint or disclosed in initial disclosures.

In the Amended Complaint, Plaintiff seeks "compensatory and punitive damages pursuant to 42 U.S.C. § 3613," attorneys' fees, injunctive relief, and "any further relief this Court deems necessary, just and proper."  (DE [29] at 63).

In her initial disclosures, Plaintiff provided the following information for a computation of damages pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii):

> Plaintiff is not yet able to fully compute her damages as she cannot do so absent discovery. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff discloses that she is entitled to recover damages in the form of, inter alia, actual damages, compensatory damages, attorneys' fees, costs, and interest.
>
> Plaintiff also experienced emotional distress and similar damages, which are difficult to calculate into financial figures. Notwithstanding, Plaintiff seeks an award of compensatory damages to include the emotional distress she suffered.
>
> Plaintiff anticipates that further damages calculations will depend upon testimony to be developed and disclosed according to the schedule set by the Federal Rules of Civil Procedure and the Court.
>
> Subject to the foregoing, Plaintiff has certain records that may be relevant to damages calculations.  Plaintiff reserves the right to supplement this disclosure, and to make all documents and evidentiary material associated with such supplementation available to Defendant for inspection and copying pursuant to Rule 34, as discovery proceeds.

(DE [100-3]).

Plaintiff then supplemented her disclosures in Plaintiff's Answers to Defendant, Waterford at Aberdeen Association, Inc. First Set of Interrogatories. (DE [100-1]) with the following information:

1. Actual Damages: a minimum of $142,436.98 in actual damages and interest for Membership fees and dues paid to Waterford for inaccessible services
   a. Expenses related to property damage from drainage issues, including:
      i. Cost of replacing landscaping throughout Plaintiff's residence
      ii. Cost of power washing patio monthly
      iii. Cost of refinishing teak patio furniture every two months

3

        iv.  Monthly storage unit fees (10' x 20') for furniture that had to be moved offsite
- b. Cost of temporary repairs/modifications: $9,850 (drainage, bee removal, landscaping)
2. Property Value Damages:
   - a. Diminution in property value due to unaddressed maintenance: $150,000 (based on documented forced sale loss amount)
3. Out-of-Pocket Expenses:
   - a. Legal costs and expenses (including expert fees)
   - b. Disability-related assistive and Technical assistance for expenses
4. Non-economic damages:
   - a. Emotional distress, humiliation, and mental anguish from being discriminated against, segregated, and denied reasonable accommodations
   - b. Loss of use/enjoyment of amenities (pool, voting rights, etc.)
   - c. Loss of enjoyment of life and the "Florida country club resort lifestyle" that Plaintiff anticipated when purchasing membership
   - d. Suffering violations of privacy, being threatened and harassed by Defendants' lawyers, being mocked by Defendants' spouses, and being defamed as a "troublemaker"
   - e. Deprivation of the right to equal housing opportunities regardless of disability status
   - f. Interference with Plaintiff's ability to peacefully enjoy her home
5. Punitive Damages:
   - a. Willful discrimination after notice of disability
   - b. Retaliation for filing complaints
   - c. Creation of hostile housing environment
   - d. Intentional failure to provide reasonable accommodations[1]

*Id.* at 17-18.[2]

Defendant argues that these disclosures failed to indicate how the lump sum numbers were calculated, provide an allocation of sub-items, or include any supporting documentation.[3]  Accordingly, Defendant asks the Court to exclude evidence related to damages under Rule 37(c)(1).

---

[1] Formatting was adjusted for clarity.

[2] Most of these damages arise out of Plaintiff's retaliation claims.

[3] Defendant also argues that the Amended Complaint failed to mention damages related to membership fees, property damage, or property value diminution.  But a complaint does not need to specify the categories of damages.  Rather the complaint needs to put the defendant on notice of what conduct the plaintiff is seeking to hold the defendant liable for and that the plaintiff is seeking monetary damages.

Under Rule 26, each party must provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Rule 26(a)(1)(A)(iii).  A party must "first, disclose each category of damages they want to recover and, second, provide a computation of damages with supporting documentation."  *Nymbus, Inc. v. Chrome Fed. Credit Union*, 2021 WL 8894791, at *4 (S.D. Fla. June 3, 2021).  Although a specific breakdown is not required, a party should provide "at least a rudimentary calculation."  *Id.*

For non-economic damages, courts require some specific dollar number that the Plaintiff is seeking, even though itemization is not required.  *See, e.g.*, *Pena v. Drodriguez, LLC*, 2016 WL 4430942, at *2 (S.D. Fla. Aug. 17, 2016) (magistrate judge's order on discovery motion).  If the plaintiff does not designate a dollar amount for non-economic damages in initial disclosures, then the party may be prohibited from suggesting a specific amount in damages to the jury.  *See Evans as Tr. for Evans v. Krook*, 2022 WL 1537994, at *15 (D. Minn. May 16, 2022) (magistrate judge's order) (gathering cases).

If a party fails to properly disclose damages she is seeking, exclusion of evidence of damages can be an appropriate remedy if the failure to disclose was not "substantially justified or is harmless."  Rule 37(c)(1); *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1221-22 (11th Cir. 2010).  The Eleventh Circuit has not crystalized what "harmless" means, but if the defendant is unable to ascertain the amount of damages that the plaintiff is seeking, or if the defendant is hindered in preparing for trial, then the plaintiff's failure

to disclose was not harmless.  *See Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1307-08 (11th Cir. 2021).

Here, Plaintiff's initial disclosures were very general, but she later provided a breakdown of the category of damages in her interrogatory responses.  These included a specific number for actual expenses she incurred in repairing her property and for diminution of property value.

Defendant argues that these disclosures were not specific enough, and that Plaintiff never provided documentary evidence supporting these claims.  Defendant is seeking to exclude Plaintiff from presenting any evidence on damages.  That is too broad a sanction.  From the Court's brief review of the record, Plaintiff has provided documentation to support some of her actual damages claims.  *See* (DE [107-2] at 410, 567, 578).  Also, Plaintiff offered to let Defendant inspect and copy other documents related to damages, which is what Rule 26(a)(1)(A)(iii) requires.  *See* (DE [107] ¶ 11).  For Plaintiff's actual damages and property-value diminution damages, Plaintiff has disclosed the amount she is seeking, and so long as she has permitted Defendant to copy and inspect documents supporting those damages, she may introduce evidence at trial of damages for those categories.

For Plaintiff's out-of-pocket expenses, namely legal fees and disability-related and technical assistance expenses, Plaintiff did not designate an amount she is seeking.  For legal expenses, that makes sense, as that amount would continually increase as litigation proceeds.  But for disability-related and technical assistance, Plaintiff could have—and should have—provided some figure that Defendant could have prepared to defend

against.  Instead, Plaintiff listed nothing.  Accordingly, Plaintiff cannot present evidence for damages for technical and disability-related assistance expenses.

For punitive and non-economic damages, Plaintiff would not be expected to provide an itemization, since those damages are more amorphous and by definition harder to categorize.  But since Plaintiff did not specify a monetary amount that she is seeking in her disclosures, she may not specify a monetary amount at trial.  She may introduce evidence that she was damaged in non-economic ways, but she may not request a specific monetary sum at trial.

Finally, Plaintiff may not present evidence of any category of damages not included in her interrogatory answers.  *See Nymbus*, 2021 WL 8894791, at *4.

III.    Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion (DE [100]) is **GRANTED in part and DENIED in part.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of May 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF